Robert E. BRIZENDINE, Trustee on Behalf of the Bankruptcy Estate of Brown Transport Truckload, Inc., Brown Transport Corp., Thurston Motor Line, Inc., Plaintiff,

v.

MONTGOMERY WARD & CO., INC., Defendant.

No. 91 C 6758.

United States District Court, N.D. Illinois, E.D.

May 28, 1992.

Jeffrey Stewart Firestone, Eddy & Liebman, Lawrence M. Liebman, Eddy & Liebman, Chicago, Ill., for plaintiff.

William Peter Caputo, Alexandra M. Goddard, Altheimer & Gray, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Robert E. Brizendine, moves that this court reconsider its order of May 11, 1992, directing the clerk of this court to transmit the contents of this court's file to the clerk of the United States Bankruptcy Court for the Northern District of Illinois or, in the alternative, moves that this court withdraw the reference to the bankruptcy court.

■ The complaint in this action was filed by plaintiff as trustee of the bankruptcy estates of Brown Transport Truckload, Inc., Brown Transport Corp., and Thurston Motor Lines, Inc. Plaintiff brought the action as successor to the bankrupt corporations against defendant, Montgomery Ward & Co. This court noted that this case comes within the reference of cases to the bankruptcy court for this district, 28 U.S.C. § 157(a), U.S. Dist.Ct., N.D.Ill., G.R. 2.33(A), but that the complaint and subsequent documents had been erroneously filed in this court's clerk's office rather than the bankruptcy court clerk's office. This court therefore ordered that:

The clerk of this court is ordered to transmit the contents of this court's file in this case to the clerk of the United States Bankruptcy Court for the Northern District of Illinois.

Order of May 11, 1992. Plaintiff misconstrues this order to be "an order transferring the instant freight undercharge action to the United States Bankruptcy Court for this District." The order was not a transfer of the case. It instead gave effect to the fact that this case is within the scope of this court's referral of cases to the bankruptcy court. See U.S. Dist.Ct., N.D.Ill., G.R. 2.33(A). Plaintiff initially requests that this court reconsider this order.

Plaintiff complains:

5. However, the court's order did not mention 28 U.S.C. § 157(d) which provides, in relevant part:

... The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The provision cited was not relevant to this court's order of May 11, 1992; there was never any motion to withdraw the reference of this case to the bankruptcy court prior to that date so there was never any occasion to consider whether the reference to the bankruptcy court would be required to be withdrawn on timely motion of a party under this statute.

This court's order of May 11, 1992, therefore was correct as entered. The motion to reconsider that order will be denied.

The motion to reconsider being denied, it is necessary to consider plaintiff's alternative motion, the motion to withdraw the reference of this case to the bankruptcy court. The provision on which plaintiff rests his motion for withdrawal of the reference provides:

The district court shall, on timely motion of a party, ... withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

■ There is a serious question as to the timeliness of the motion to withdraw the reference. The complaint was filed in October of 1991, and the motion to withdraw the reference was filed in May of 1992. That plaintiff originally filed this case in the office of the clerk of this court rather than in the office of the clerk of the bankruptcy court, whether it was due to a mistake as to the operation of the referral of cases to the bankruptcy court or an attempt to slip the case into this court, would not seem to relieve plaintiff of the consequences of so late a motion to withdraw the reference. The court believes that the motion to withdraw the reference is untimely and therefore subject to denial.

■ Moreover, even if it were timely, the motion to withdraw the reference is without merit. To be subject to mandatory withdrawal of the reference, resolution of a proceeding must require "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Title 11 does not need to be considered in this action; it merely provides the authority under which plaintiff has become successor to the bankrupt corporations. The only statute which must be considered in deciding this action is the

Interstate Commerce Act. 49 U.S.C. §§ 10101, et seq. While the Interstate Commerce Act is certainly an "other law[ ] of the United States regulating organizations or activities affecting interstate commerce," consideration of it does not require mandatory withdrawal of the reference unless it is necessary to also consider title 11. Lawrence P. King, ed, 1 Collier on Bankruptcy ¶ 3.01 at 3–67, 3–68 (Matthew Bender, 15th ed 1991).

In addition, withdrawal of the reference is only mandated if this court determines that "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce" is necessary for "resolution of the proceeding." 28 U.S.C. § 157(d). From the complaint and answer, it appears that this case involves only a relatively simple application of the Interstate Commerce Act to a set of facts. Thus, it appears that resolution of the proceeding in this case will not require substantial and material consideration even of the Interstate Commerce Act, and this court certainly cannot make the contrary determination necessary for a mandatory withdrawal of the reference. 28 U.S.C. § 157(d); Lawrence P. King, ed, 1 Collier on Bankruptcy ¶ 3.01 at 3–68, 3–69 (Matthew Bender, 15th ed 1991). Withdrawal of the reference is not mandated for this reason as well.

ORDERED: Plaintiff's motion for reconsideration of this court's order of May 11, 1992, is denied. Plaintiff's motion for withdrawal of the reference to the bankruptcy court is denied.